UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORLANDO LEWAYNE PILCHER,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN K. DELANEY,<br><br>Defendant. | No. 2: 20-cv-1873 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

Plaintiff, a federal prisoner proceeding pro se, has filed this civil action and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as

true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The only named defendant is Magistrate Judge Delaney. Plaintiff alleges that defendant Delaney wrongfully transferred his case to a "knowingly restricted and threatening area." As relief, plaintiff seeks money damages and the release from judgment, warrant obligation and unlawful imprisonment.

At the outset, the undersigned finds that the basis of the court's jurisdiction is unclear.[1] However, for the reasons stated herein, plaintiff's claim for damages against defendant Delaney should be dismissed.

Absolute judicial immunity is afforded to judges for acts performed by the judge that relate to the judicial process. In re Castillo, 297 F.3d 940, 947 (9th Cir. 2002), as amended (Sept. 6, 2002). "This immunity reflects the long-standing 'general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004) (quoting Bradley v. Fisher, 13 Wall. 335, 347 (1871)).

Absolute judicial immunity insulates the judge from actions for damages due to judicial acts taken within the jurisdiction of the judge's court. Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986). "Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'" Ashelman, 793 F.2d at 1075 (quoting Cleavinger v. Saxner, 474 U.S. 193 (1985)). However, a judge is not immune where they act in the clear absence of jurisdiction or for acts that are not judicial in nature. Ashelman, 793 F.2d at 1075. Judicial conduct falls within "clear absence of all jurisdiction," where the judge "acted with clear lack of all subject matter jurisdiction." Stone v. Baum, 409 F.Supp.2d 1164, 1174 (D. Ariz. 2005).

---

[1] Plaintiff does not challenge conditions of confinement. Therefore, this action is not a Bivens action. See Bivens v. Six Unknown Named Narcotics Agents, 403 U.S. 388 (1971).

1    Court records reflect that plaintiff previously filed a motion pursuant to 28 U.S.C. § 2255
2 attacking his sentence, 2:11-cv-3044 CKD P.[2]  On December 1, 2011, defendant Delaney ordered
3 2:11-cv-3044 CKD P transferred to the United States District Court for the Northern District of
4 Mississippi because that court imposed plaintiff's sentence.
5    In the instant action, plaintiff appears to challenge defendant Delaney's order transferring
6 2:11-cv-3044 CKD P to the Northern District of Mississippi.  Because defendant Delaney had
7 jurisdiction to order 2:11-cv-3044 transferred to the Northern District of Mississippi, defendant
8 Delaney is entitled to absolute judicial immunity as to this claim.
9    Plaintiff also seeks release from judgment, warrant obligation and unlawful imprisonment.
10 In seeking this relief, plaintiff apparently challenges the validity of his sentence and/or
11 conviction.  Plaintiff's challenge to the validity of his sentence and/or conviction should be raised
12 in a motion filed in the United States District Court for the Northern District of Mississippi.  For
13 these reasons, plaintiff's requests for release from judgment, warrant obligation unlawful
14 imprisonment should be dismissed.
15    Because it is clear that plaintiff cannot cure the pleading defects discussed above, the
16 undersigned recommends that this action be dismissed.
17    In accordance with the above, IT IS HEREBY ORDERED that:
18    1.  Plaintiff's request for leave to proceed in forma pauperis is granted.
19    2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff
20 is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.
21 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
22 Federal Correctional Institution filed concurrently herewith.
23    3.  The Clerk of the Court is directed to appoint a district judge to this action; and
24    IT IS HEREBY RECOMMENDED that this action be dismissed.
25    These findings and recommendations are submitted to the United States District Judge
26 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

---

[2] A court may take judicial notice of court records.  See e.g., Bennett v. Medtronic, Inc., 285 F.3d 801, 803 n. 2 (9th Cir. 2002).

4

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 22, 2020

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pilch1873.fr